**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

**IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., JAN. 29, 2025**

---

This Filing Relates to:

DAVID SEIDMAN, Individually, as Personal Representative of the Estate of ELIZABETH KEYS, deceased, and on behalf of all Surviving Beneficiaries,

Plaintiff.

Case No. 1:26-cv-00125 (ACR)

</td><td>

Lead Case No.: 1:25-cv-03382-ACR

**UNITED STATES' ANSWER TO PLAINTIFF'S SHORT FORM COMPLAINT (Dkt. 1)**

</td></tr>
</table>

The United States answers Plaintiff's Short Form Complaint as follows:

1.       Plaintiff refers to and incorporates herein by reference the Master Complaint, and any and all later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025, as though fully set forth herein. Plaintiff adopts the Master Complaint and agrees to be bound by any rulings with respect to the pleadings of the Master Complaint.

**ANSWER:**  The United States incorporates by reference its Answer to Plaintiff's Master Complaint (Dkt. 53), including the United States' defenses, affirmative defenses and any later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025 (Lead case: *Crafton v. Am. Airlines, Inc.*, 1:25-cv-03382-ACR), as though fully set forth herein.

2.       Plaintiff adopts each of the general allegations of the Master Complaint except for those paragraph numbers set for [sic] here, if any: N/A.

**ANSWER:**  The allegations in paragraph 2 do not require a response.  To the extent a response is required, the United States adopts its responses to each of the general allegations of the Master Complaint.

**<u>CLAIMS AGAINST DEFENDANTS</u>**

3.      Plaintiff brings those Counts, as applicable, against each of the Defendants in the Master Complaint checked below:

☒      AMERICAN AIRLINES, INC.

☒      PSA AIRLINES, INC.

☒      UNITED STATES OF AMERICA

**ANSWER:**  The United States incorporates by reference its answers to the counts against American Airlines, Inc., PSA Airlines, Inc., and the United States that are contained in the United States' Answer to Plaintiff's Master Complaint (Dkt. 53), including the United States' defenses, affirmative defenses, and any later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025 (Lead case: *Crafton v. Am. Airlines Inc.*, 1:25-cv-03382-ACR), as though fully set forth herein.

4.      Plaintiff incorporates by reference each of the Causes of Action in the Master Complaint checked below:

*As against AMERICAN AIRLINES, INC.:*

☒      First Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒      Second Cause of Action for Survival Based Upon Common Carrier Duty

☒      Third Cause of Action for Wrongful Death Based Upon Negligence

☒      Fourth Cause of Action for Survival Based Upon Negligence

*As against PSA AIRLINES, INC.:*

☒       Fifth Cause of Action for Wrongful Death Based Upon Common Carrier Duty

☒       Sixth Cause of Action for Survival Based Upon Common Carrier Duty

☒       Seventh Cause of Action for Wrongful Death Based Upon Negligence

☒       Eighth Cause of Action for Survival Based Upon Negligence

*As against UNITED STATES OF AMERICA:*

☒       Ninth Cause of Action for Wrongful Death Based Upon Negligence

☒       Tenth Cause of Action for Survival Based Upon Negligence

**ANSWER:**  The United States incorporates by reference its answers to the causes of action against American Airlines, Inc., PSA Airlines, Inc., and the United States that are contained in the United States' Answer to Plaintiff's Master Complaint (Dkt. 53), including the United States' defenses, affirmative defenses, and any later amendments thereto, filed in IN RE: MID-AIR COLLISION IN WASHINGTON, D.C., ON JAN. 29, 2025 (Lead case: *Crafton v. Am. Airlines, Inc.*, 1:25-cv-03382-ACR), as though fully set forth herein.

### PLAINTIFF'S INFORMATION:

5.      Decedent, ELIZABETH KEYS, is an individual who was killed in the crash of American Eagle Flight 5342 ("AE 5342") on January 29, 2025.

**ANSWER:**  The United States admits the allegations in paragraph 5.

6.      ELIZABETH KEYS resided in Washington, D.C.

**ANSWER:**  The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the same.

7.      Plaintiff DAVID SEIDMAN is a resident of Washington, D.C., and was the lawful spouse of ELIZABETH KEYS, deceased, at the time of her death.

3

**ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and therefore denies the same.

8. Plaintiff DAVID SEIDMAN brings this lawsuit individually on his own behalf, as Personal Representative of the Estate of ELIZABETH KEYS, deceased, and on behalf of all surviving beneficiaries, including MARY KEYS and MARTIN KEYS.

**ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies the same.

9. On or about April 18, 2025, the Superior Court of the District of Columbia, Probate Division, issued an order appointing DAVID SEIDMAN as the Personal Representative of the Estate of ELIZABETH KEYS. Therefore, he has standing to assert both wrongful death and survival claims on behalf of all beneficiaries of ELIZABETH KEYS and brings this lawsuit in his representative capacity.

**ANSWER:** The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies the same.

## PLAINTIFF'S ADMINISTRATIVE CLAIM

10. On or about October 16, 2025, Plaintiff DAVID SEIDMAN, on behalf of himself, the Estate of ELIZABETH KEYS, deceased, and all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the FAA.

**ANSWER:** The United States admits only that on October 16, 2025, the FAA received four administrative claims on behalf of (1) David Seidman, As Personal Representative of the Estates of Elizabeth Keys, (2) David Seidman, individually, as Surviving Common Law Spouse of Elizabeth Keys, (3) Martin Keys, individually, as father and wrongful death beneficiary of

4

Elizabeth Keys, and (4) Mary Keys, individually, as mother and wrongful death beneficiary of Elizabeth Keys. All other allegations in paragraph 10 are denied.

11.     On or about October 16, 2025, Plaintiff DAVID SEIDMAN, on behalf of himself, the Estate of ELIZABETH KEYS, deceased, and all surviving beneficiaries, as well as all individual claimants, served their initial administrative claims upon the United States Army ("Army").

**ANSWER**:    The United States admits that on October 16, 2025, the Army received four administrative claims on behalf (1) David Seidman, As Personal Representative of the Estates of Elizabeth Keys, (2) David Seidman, individually, as Surviving Common Law Spouse of Elizabeth Keys, (3) Martin Keys, individually, as father and wrongful death beneficiary of Elizabeth Keys, and (4) Mary Keys, individually, as mother and wrongful death beneficiary of Elizabeth Keys.  All other allegations in paragraph 11 are denied.

12.     The USA:

☐    did not serve any formal response either accepting or denying any of the aforementioned claims within six months of filing, as set forth in 28 U.S.C. § 2675(a). This therefore constitutes a final denial of the claims entitling Plaintiff to file this complaint pursuant to 28 U.S.C. § 2675(a).

and/or

☒    the FAA denied Plaintiff's claims on November 21, 2025 on behalf of both the FAA and United States Army ("Army").

**ANSWER:**  The United States admits that the FAA denied Plaintiff's claims on November 21, 2025, on behalf of the FAA and U.S. Army. All other allegations in paragraph 12 are denied.

## **PLAINTIFF'S DAMAGES**

13.     Plaintiff requests all available wrongful death and survival economic and non-economic damages in an amount according to proof at trial, including but not limited to the following:

- ☒ DECEDENT's unusual G-forces, physical injuries, conscious pain and suffering, mental anguish, emotional distress, fear of impending death, and other injuries and damages that ultimately caused his/her death;

- ☒ the loss of the gross earning power of the DECEDENT;

- ☒ the loss of the full value of the life of the DECEDENT;

- ☒ loss of the parental and/or familial relationship arising from the death of the DECEDENT;

- ☒ the loss of financial support and contribution of the DECEDENT;

- ☒ loss of services;

- ☒ loss of inheritance;

- ☒ loss of accumulations;

- ☒ full pecuniary loss of the DECEDENT;

- ☒ loss of past and future income, support, society, love, grief, consortium, solatium, services, guidance, care, comfort, and companionship of the DECEDENT;

- ☒ loss of life's pleasures;

- ☒ loss of enjoyment of life of the DECEDENT;

☒    mental anguish and mental pain and suffering that the heirs, beneficiaries and distributees of the DECEDENT's Estate were caused to incur;

☒    other necessary and reasonable expenses as a result of the DECEDENT's death;

☒    attorneys' fees, costs and other damages permitted under applicable  laws;

☒    pre- and post-judgment interest on all damages as allowed by law;

☒    all costs of suit herein;

☒    such other and further relief as the Court shall deem just and proper;

☒    Other (specify):

**ANSWER:**  The United States lacks knowledge or information sufficient to form a belief as to the truth in the allegations in paragraph 13, including all subparts, and therefore denies the same.

## ADDITIONAL ALLEGATIONS, IF ANY

14.    At the time of her death, Elizabeth Keys was an associate attorney with Wilkinson Stekloff LLP. Elizabeth graduated from Georgetown Law, where she met David Seidman, and went on to clerk for the Honorable Amy Berman Jackson in the U.S. District Court for the District of Columbia. She was a rapidly rising legal star and a valued member of the Wilkinson team, with an extremely bright future ahead of her in the legal profession. Indeed, Elizabeth was on AE 5342 traveling home from a deposition in Wichita with one of her colleagues.

Elizabeth was a loving spouse and partner to David, and a caring daughter to her parents, Martin and Mary Keys. Elizabeth and David were by each other's side in every endeavor, and were building a life together in Washington D.C. They had bought a home in 2022 and were

7

trying to start a family when Elizabeth died. Martin and Mary always knew they could count on

Elizabeth, their "Bitsy", for anything they needed. Mary and Martin were planning to buy a

home near Washington D.C., so that they could be closer to Elizabeth and her family. Elizabeth's

loss has caused profound emotional and psychological harm to her family, who will carry the

weight of her absence for the rest of their lives. They and Elizabeth's estate have also suffered

substantial economic loss having been deprived of Elizabeth's monetary support and her

significant probable net future earnings.

 **ANSWER:**  The United States lacks knowledge or information sufficient to form a belief

as to the truth in the allegations in paragraph 14, including all subparts, and therefore denies the

same.

**<u>DEMAND FOR JURY TRIAL</u>**

 Plaintiff hereby demands a trial by jury as to all claims in this action.

 **ANSWER:**  Plaintiff is not entitled to a jury trial against the United States. 28 U.S.C.

§ 2402.

March 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
*Civil Division*

JONATHAN D. GUYNN
*Deputy Assistant Attorney General*
*Torts Branch*

  */s/ Orla M. Brady*

*Of Counsel:*

LTC JA STEVEN C. HIGGINS
*Chief*
Tort Litigation Branch
Litigation Division

BRADLEY J. PREAMBLE
 (D.C. Bar No. 493969)
*Senior Aviation Counsel*
DEBRA D. FOWLER
*Senior Aviation Counsel*
ORLA M. BRADY

8

U.S. Army Legal Services Agency
Ft. Belvoir, VA 22060

CHRIS STEVENSON
*Manager for Policy, Audit, Evaluation*
REBECCA A. LIPE
*Attorney*
Aviation Litigation Division
Office of the Chief Counsel
Federal Aviation Administration
Washington, DC 20591

(D.C. Bar No. 90002184)
*Senior Trial Counsel*
U.S. Department of Justice
Civil Division, Torts Branch
Aviation, Space & Admiralty Litigation
P.O. Box 14271
Washington, DC 20044-1471
Tel. (202) 616-4100
Fax (202) 616-4002
Emails:   debra.fowler@usdoj.gov
              bradley.j.preamble@usdoj.gov
              orla.brady@usdoj.gov

*Attorneys for Defendant*
*United States of America*